| | |
|---|---|
| GABRIEL CISNEROS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion to Strike 59(e) Motion as Pre-Mature; and Motion for Continuance; and Motion for Court Appointed Counsel," (Doc. No. 9).

Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant case on June 17, 2016, arguing that his § 924(c) conviction and sentence and his career offender enhancement violate due process pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1). This case was stayed for several years during the pendency of United States v. Ali, Fourth Circuit Case No. 15-4433, and United States v. Davis, Supreme Court Case No. 18-431. See (Doc. Nos. 3, 4). On August 23, 2019, the Government filed a Motion to Dismiss arguing that the § 2255 Motion to Vacate is waived, procedurally barred, and without merit. (Doc. No. 7). Petitioner was informed of the applicable legal standard and was provided the opportunity to respond by October 1, 2019. (Doc. No. 8).

First, Petitioner asks to dismiss his "recently filed Fed. R. Civ. P. 59(e) motion" because it is premature. (Doc. No. 9 at 4). No such document appears in the Court's record so this portion of

Petitioner's Motion will be denied as moot.

Second, Petitioner requests an extension of time between 30 and 60 days within which to respond to the Government's Motion to Dismiss. He alleges that he is currently in special housing without his property and legal materials and that he needs time to either have counsel appointed or find a legal assistance in prison. Petitioner's request for additional time within which to file his Response will be granted for **30 days** from the date of this Order for good cause shown. No further extensions will be granted except on a showing of extraordinary circumstances.

Finally, Petitioner requests the appointment of counsel. He claims that he does not have access to his legal materials, does not have proper access to a law library, and that his liberty is in the balance. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). The Court finds that the interests of justice do not warrant the appointment of counsel in this case. The Court, therefore, denies Petitioner's request for counsel.

 **IT IS HEREBY ORDERED** that Petitioner's Motion, (Doc. No. 9), is **GRANTED** in part and **DENIED** in part as stated in this Order.

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge